UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Cory Pickett, | ) | CASE NO. 1:09 CV 1339 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Robert Welsh, Warden, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge White (Doc. 16) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Cory Pickett, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued his Report and Recommendation recommending that the Petition be dismissed. Petitioner filed Objections to the Report and Recommendation.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Petitioner was sentenced on May 11, 2006 by the state court to a prison term of 15 years to life following his conviction by a jury on charges of rape, gross sexual imposition, and kidnapping.  The Magistrate Judge found his May 19, 2009 Petition for Writ of Habeas Corpus to be time-barred.

Petitioner agrees that his Petition is untimely as having been filed beyond the one year limitations period established by the AEDPA.  The conviction became final on September 27, 2007, after the 45 day period for filing an appeal with the Ohio Supreme Court expired. Petitioner had one year, or until September 29, 2008, within which to timely file his Petition. The Petition was not filed until May 19, 2009.  The Magistrate Judge rejected petitioner's argument that equitable tolling applies to save the untimeliness.  The Magistrate Judge, giving petitioner "every benefit of the doubt," assumed that the conviction became final on February 28, 2008- the date petitioner received a complete copy of the state appellate decision. Tolling would then apply for 44 days while petitioner's motion for delayed appeal was pending before the Ohio Supreme Court.  That would give petitioner, however, only until April 13, 2009 to file his Petition, rendering the May 19, 2009 Petition untimely.

Petitioner continues to assert that but for his counsel's unprofessional conduct in failing

to provide him with a complete copy of the appellate decision until February 28, 2008, he would have timely filed his Petition.  The Magistrate Judge, however, afforded petitioner this additional time although acknowledging that petitioner actually received notice of the decision on a much earlier date.  Petitioner contends that the Magistrate Judge erred in not adding an additional 45 days normally allotted to take a direct appeal to the Ohio Supreme Court.  But, petitioner did seek a delayed appeal in that court on April 7, 2008, and the Magistrate Judge tolled the limitations period while that application was pending.  This Court finds no error and agrees with the findings and conclusions of the Magistrate Judge which are incorporated herein by reference.

### Conclusion

Accordingly, the Report and Recommendation is accepted. The Petition for Writ of Habeas Corpus is dismissed.  Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Date:   9/20/10

3